**Edward J. CASAVANTES, Deceased; Leona Casavantes, as Administratrix of the Deceased's estate; Margaret A. Casavantes; Steven E. Casavantes; David J. Casavantes; and Juan D. Hernandez, Plaintiffs/Appellants,**

v.

**CALIFORNIA STATE UNIVERSITY, SACRAMENTO; W. Lloyd Johns, President; John Paul Walsma; and Earlene Ames, Defendants/Appellees.**

No. 83–2087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 1984.

Decided May 9, 1984.

Howard L. Dickstein, Kanter, Williams, Merin & Dickstein, Sacramento, Cal., Peggy R. Mastroianni, Atty., Washington, D.C., for plaintiffs/appellants.

Mary C. Michel, Sacramento, Cal., for defendants/appellees.

Before MERRILL, FARRIS and PREGERSON, Circuit Judges.

MERRILL, Circuit Judge:

Edward Casavantes was employed by the California State University in Sacramento as an untenured Associate Professor from 1973 to 1979. By letter dated June 1, 1978 Casavantes was informed that he had been denied tenure, and that the 1978–1979 academic year would be his last year of employment; he received this letter on June 2 or 3, 1978.

On February 6, 1979 (248 days after receipt of the notice of termination), Casavantes travelled to the Equal Employment Opportunity Commission office in San Francisco where he completed and filed with the Commission its Form 283, captioned "Intake Questionnaire." On that Form he asserted that he had been terminated because of his race, national origin, and outspoken demeanor regarding minority issues. Casavantes also summarized information about himself, the University,

and grievance proceedings that had already been pursued. After completing Form 283, Casavantes was interviewed by an EEOC representative.

On April 11, 1979 (313 days after notice of termination), a formal charge document was sent to Casavantes by the Commission, and on April 14, 1979, it was signed by Casavantes and mailed back. On September 8, 1981, a right-to-sue letter was issued by the Commission, and on December 4, 1981, Casavantes's estate filed suit.

The District Court dismissed the suit upon the ground that it was without jurisdiction since Casavantes's claim was time-barred, not having been the subject of a civil action brought within 300 days of the discriminatory act under § 706, Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972. 42 U.S.C. § 2000e-5(e).[1]

In our determination of whether Casavantes complied with the procedural portions of Title VII, we are guided by the principle that "[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination." *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir.1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978). We have noted that a liberal construction is particularly appropriate in situations in which the complainant is acting *pro se*. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982); *Rice v. Hamilton Air Force Base Commissary*,

720 F.2d 1082, 1084 (9th Cir.1983). *Cf. Equal Employment Opportunity Commission v. Shell Oil Co.*, —— U.S. ——, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984) (nontechnical interpretation of charge filed by Commission).

To maintain a Title VII action a complainant must first file a charge of discrimination with the Commission within 180 days—or 300 days under specified circumstances applicable here—of the alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e), and receive the statutory notice of right to sue, 42 U.S.C. § 2000e-5(f)(1). A charge must "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). The charge intake process is principally designed to facilitate the processing of valid charges while screening out invalid charges at the earliest possible time. *See* B. Schlei & P. Grossman, *Employment Discrimination Law* 940 (2d ed. 1983). Casavantes argues that his filing of an Intake Questionnaire satisfied the statutory obligation to initiate the administrative process within the required 300-day period. We agree. This position is consistent with the recent trend in Title VII jurisprudence which recognizes the importance of nontechnical interpretations of the procedural requirements inherent in the processing of discrimination claims. *See e.g., Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983) (request for counsel deemed sufficient for filing of civil

---

1. 42 U.S.C. § 2000e-5(e) provides:

    A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the

person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. Under *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the effective limitations period would have been 240 days. However, this court held, in *Wiltshire v. Standard Oil of California*, 652 F.2d 837 (9th Cir. 1981), that *Mohasco* would not be applied retroactively. Both the questionnaire and the formal charge in this case were filed prior to the *Mohasco* decision.

action); *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251 (9th Cir.1980) (nonverified pre-complaint form deemed sufficient for filing charge with state agency).

We note initially that federal regulations governing EEOC procedures make clear that the Intake Questionnaire, as completed by Casavantes, was sufficient to constitute a charge. In particular, the procedural regulations that establish minimum requirements for administrative charges include a provision that permits considerable flexibility in the contents of the charge:

> (b) Notwithstanding the provisions of paragraph (a) of this section [detailing the contents of a charge], a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.

29 C.F.R. § 1601.12(b). When Casavantes completed his Intake Questionnaire on February 6, 1979, he clearly gave the Commission "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."

The University contends that the Intake Questionnaire is not a formal charge document and should not be treated as one. In particular, it notes that both Title VII and its accompanying regulations provide that a charge shall be signed and verified, *see* 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.9, and that no spaces are provided on the Intake Questionnaire for a signature, verification, or date of the alleged discriminatory act. The purpose of the questionnaire,

according to the University, is to solicit general information to enable the Commission to avoid the intake of non-Title VII matters, while the charge is designed to formally invoke the Commission's jurisdiction.

We find the University's position overly formalistic. We observe that the same regulation permitting wide latitude in the content of the charge also includes an amendment procedure:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments ... will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b). Consequently, while Casavantes's questionnaire was not signed or verified, those deficiencies were cured by amendment when the formal charge document was filed on April 14, 1979. We are thus led to the inescapable conclusion that the completed Intake Questionnaire, in the context of both the amendment procedures and the liberality to be ascribed to the procedural requirements, is sufficient to constitute a charge. *See e.g., Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74 (5th Cir.1982) (Intake Questionnaire not "necessarily legally insufficient" to constitute a charge); *Watson v. Gulf and Western Industries,* 650 F.2d 990 (9th Cir.1981) (sufficiency of unnotarized form mailed to Commission); *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251 (9th Cir.1981) (nonverified pre-complaint form).[2]

---

**2.** Nor are we persuaded by the University's argument that construing the questionnaire as we have here will lead the Commission down a path of limitless investigations of claims pursued in bad faith. Indeed, this objection is muted if the Commission investigation proceeds, as it did here, only after a verified formal charge is submitted. In *E.E.O.C. v. United States Fidelity and Guaranty Co.,* 420 F.Supp. 244 (D.Md.1976), the court found that a letter to the Commission sent within the statutory filing period was sufficient to constitute a charge when supplemented with a formal charge submitted after the filing period. The court was persuaded to adopt the less-technical interpretation because the regulation (29 C.F.R. § 1601.12(b)) permitted amendment of even the verification. Accordingly, the court found that the less restrictive construction " 'recognizes the remedial nature of the statute and does not prejudice an unwary victim of discrimination by insistence upon a formal requirement which can be supplied before the respondent is brought into the picture.' " 420 F.Supp. at 249, *quoting Blue Bell Boots, Inc. v. E.E.O.C.,* 418 F.2d 355, 357 (6th Cir.1969).

Having determined that the facts as presented here do not permit a finding that the Intake Questionnaire submitted to the Commission was legally insufficient to constitute the filing of a charge, we need not decide whether the District Court erred in failing to invoke equitable principles to toll the limitations period.

Dismissal of the claim for lack of jurisdiction is vacated. The matter is RE-MANDED for further proceedings.