122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clementine ALLEN-BELL, Plaintiff-Appellant,
v.
Kathy TOPOLINSKI, Defendant,
and
MONTGOMERY WARD CREDIT CORP., Defendant-Appellee.
 No. 97-15268.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Sept. 5, 1997.
 
 Appeal from the United States District Court for the District of Nevada. Philip M. Pro, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clementine Allen-Bell appeals pro se from the district court's Fed.R.Civ.P. 12(b) dismissal of her action alleging that her former employer Montgomery Ward Credit Corporation ("MWCC") discriminated against her on the basis of race when it denied her a promotion, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) (1997).[1]
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a dismissal for failure to state a claim, see Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). We reverse and remand.
 
 
 4
 In her complaint, Allen-Bell alleged that she filed a timely charge of race discrimination with the EEOC. The record contains an intake sheet that Allen-Bell filed with the Nevada Equal Rights Commission within 300 days of the date when MWCC denied her the promotion. Accordingly, we conclude that Allen-Bell filed a timely EEOC charge, and the district court erred by dismissing her complaint. See Casavantes v. California State University, 732 F.2d 1441, 1443 (9th Cir.1984) (finding timely filed intake questionnaire satisfies time bar for Title VII claims).
 
 
 5
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Allen-Bell waived her right to appeal the district court's dismissal of defendant Toplinski because she failed to challenge it in her opening brief