Geffrey L. LONG, Plaintiff,

v.

MERCER COUNTY, ILLINOIS; James Earl, in his official and individual capacity, Defendants.

No. 91–4057.

United States District Court,
C.D. Illinois,
Rock Island Division.

May 11, 1992.

Walter D. Braud, Braud & Warner, Ltd., Rock Island, Ill., for plaintiff.

James G. Sotos, Charles E. Hervas, Phillip A. Luetkehans, Michael D. Bersani, Schirott & Associates, Itasca, Ill., for defendants.

## ORDER

McDADE, District Judge.

Before the Court is Defendants' Motion To Dismiss (Doc. # 8, Part # 1). For the foregoing reasons, Defendants' motion is GRANTED.

### Background

Plaintiff brings this Section 1983 action for monetary relief against the Defendant Mercer County and one of its officials, James Earl, alleging that Defendants deprived him of his Constitutional rights under color of state law. Plaintiff also brings state law claims for intentional infliction of emotional distress and battery.

Plaintiff alleges that Earl violated his rights as follows:

> On or about June 19, 1988, and on at least one other occasion, the Defendant JAMES EARL, while acting in his official capacity and under color of law, as Director of Emergency Services for Mercer County, Illinois, sexually abused the Plaintiff by touching, fondling and otherwise treating Plaintiff in a lewd and lascivious manner for the purpose of arousing and stimulating the sexual needs and desires of JAMES EARL. Defendant was also the duly elected Coroner for the County of Mercer, Illinois. That Plaintiff at said time was a minor male child.... That at all times material hereto, one or more of the wrongful acts of sexual abuse alleged herein occurred in the Director's Office located on Mercer County property while Defendant James Earl was in whole or in part performing his duties as Director of Emergency Services. (Complaint Nos. 9–10).

Plaintiff also sues Mercer County for these alleged acts, stating that "as an employer of the Defendant, JAMES EARL,

the defendant, MERCER COUNTY, ILLINOIS, had overall supervisory and managerial authority as to the Defendant, JAMES EARL, and as to the premises where the act complained of occurred." (Complaint No. 19).

Defendants have moved to dismiss the Section 1983 claims on the grounds that (1) Plaintiff's complaint fails to state a cause of action against Defendant Earl because he was not acting under color of state law when he committed the alleged sexual acts, and (2) Plaintiff's complaint fails to state a cause of action against Mercer County because Plaintiff fails to allege that Defendant Earl committed the sexual acts pursuant to a Mercer County policy, custom, or practice. Defendants further argue that because Plaintiff's federal claims fail to state causes of action, his pendent state claims should be dismissed without prejudice to Plaintiff's right to refile them in state court.

## LEGAL STANDARDS

On a Motion to Dismiss, the Court must assume the truth of all well-pleaded facts in Plaintiff's complaint and view them in the light most favorable to Plaintiff. *Ed Miniat v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). However, a complaint or the briefs filed in opposition to a motion to dismiss the complaint must contain either direct or inferential factual allegations as to all of the material elements necessary to recover under some legal theory. *Sutliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648 (7th Cir.1984); *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75 (7th Cir.1992). The question is whether the papers allege sufficient facts that if proved, would show that the case had merit.

## I. *Plaintiff's Section 1983 Claim Against Defendant Earl Must Be Dismissed*

In order to state a claim under Section 1983, Plaintiff must prove that Defendant Earl deprived Plaintiff of a right secured by the U.S. Constitution or laws and did so under color of state law. *Hughes v. Meyer,* 880 F.2d 967, 971 (7th Cir.1989), *cert. denied, Hughes v. Buss,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990). Action is taken under color of state law when the defendant exercises power " 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) [quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941) ]. The mere fact that a person is a state officer does not mean that the person acts under color of state law. *Gibson v. City of Chicago,* 910 F.2d 1510, 1516 (7th Cir.1990). Likewise, the mere fact that a defendant was on or off duty or on the employment premises when the acts occurred does not establish that he did or did not act under color of state law. *Id.,* at n. 10. The act committed must be in some way related to the duties of the state office. *Gibson,* 910 F.2d at 1516.

Plaintiff alleges that Earl, while acting in his official capacity as Director of Emergency Services for Mercer County and in the course of performance of his duties, on two occasions sexually abused the Plaintiff on the property owned by Mercer County. Plaintiff alleges that Earl's actions constituted a misuse of power or abuse of the position given to him by the state, and therefore, Earl acted under color of state law. Defendants counter Plaintiff's contentions on two grounds. First, Defendants state that Plaintiff has failed to allege facts sufficient to demonstrate that Plaintiff was acting under color of state law when he allegedly sexually abused Plaintiff. Second, Defendants allege that there is no set of facts that Plaintiff could plead to demonstrate that Defendant Earl was acting under color of state

law when he abused Plaintiff because sexual abuse cannot be "related" to the performance of the duties of Defendant Earl's office.

The Court will dismiss the complaint against Defendant Earl on the first ground. Defendant is correct that Plaintiff's assertions that the acts of abuse took place on Mercer County property while Defendant Earl was acting in his official capacity and on duty will not alone suffice to demonstrate that Defendant Earl was acting under color of law. Rather, Plaintiff must allege facts regarding the circumstances of the sexual abuse that demonstrate that the abuse was somehow related to the performance of the duties of Defendant Earl's office. Plaintiff has failed to allege any facts regarding the circumstances under which the alleged abuse took place, and therefore, the complaint must be dismissed.

 Defendant also argues that the dismissal should be with prejudice because sexual abuse is not "related" to any of the duties that Defendant Earl was hired to perform and thus cannot be considered under color of law. However, in the absence of information regarding the circumstances of the abuse, the Court is not willing to rule in the abstract that the sexual abuse suffered by Plaintiff was not "under color" of state law. Such a ruling would mean that under no circumstances can sexual abuse ever be considered to be color of law, and the Court does not believe that this is necessarily the case. Therefore, the Court's dismissal of this action will be without prejudice. Upon the filing of an amended complaint alleging facts indicating whether Defendant Earl's actions were taken under color of law, the Defendants are free to renew their arguments that Earl did not act under color of law in committing the alleged sexual abuse.

## II. *Plaintiff's Section 1983 Claim Against The City Must Be Dismissed*

 Plaintiff sues Defendant Mercer County for Earl's actions, stating that "as an employer of the Defendant, James Earl, the Defendant Mercer County, Illinois, had overall supervisory and managerial authority as to the Defendant, James Earl, and as to the premises where the act complained of occurred." Plaintiff alleges that since he was sexually abused on at least two occasions, this demonstrates that he was abused pursuant to some Mercer County policy, custom, or practice. Plaintiff further asserts that since Defendant Earl was not only an employee of Mercer County but was County Coroner, an elected official, his actions were those of a municipal policy maker, giving rise to a claim for municipal liability. Defendant moves to dismiss the claim against the County on the grounds that Plaintiff has not demonstrated that a county policy, custom, or practice was the cause of Plaintiff's alleged constitutional deprivation or that Defendant Earl was a final policy maker with respect to the acts complained of. Plaintiff's claim against the County must be dismissed.[1]

The Supreme Court in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Under *Monell,* a municipality may be liable only when the action that is alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers" or when the constitutional deprivations are visited pursuant to governmental custom, even if that custom has not received formal approval through the municipality's decision making channels. *Monell,* 436 U.S. at 690–91, 98

---

1. Plaintiff purports to sue Defendant Earl in both his individual and official capacities. The individual capacity claim must be dismissed for the reasons previously stated. The official capacity suit is in reality a suit against the governmental entity, Mercer County, and must be dismissed for the same reasons that the claim against the County must be dismissed. To sue Earl in his official capacity, Plaintiff must allege that Earl acted pursuant to an official policy, custom, or practice, or that he was a municipal policy maker with final policy making authority relative to the acts complained of.

S.Ct. at 2036. In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1984), *reh'g denied*, 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985), the Supreme Court determined that a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless Plaintiff can prove that the act was caused by an existing unconstitutional policy attributable to a municipal policy maker. In *Pembauer v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986), the Supreme Court determined that liability may attach to a municipality as a result of a single decision by a municipal policy maker, but "only where the decision maker possesses as final authority to establish municipal policy with respect to the action ordered."

 Under these cases, Plaintiff has failed to allege facts sufficient to state a claim against the County. First, the allegation in Plaintiff's complaint that the County is liable for Earl's acts because it had "supervisory" and "managerial" authority over Earl and the premises is merely an attempt to hold the County liable under the theory of *respondeat superior*, which is impermissible under *Monell*. Second, while Plaintiff apparently claims that Earl's acts were somehow related to a governmental policy or custom, nowhere does he allege what this policy is. Plaintiff's claim that the fact that Earl abused Plaintiff on at least two occasions demonstrates that he did so pursuant to a municipal policy is both unfounded[2], and fails to cure the previously mentioned defect—Plaintiff does not explain what that policy or custom is.

 Plaintiff tries to overcome the fact that he has not pled the existence of a

policy or custom by claiming such is not necessary because Defendant Earl, as Coroner, is a municipal official with final policy-making authority. The fact that Earl was Coroner appears completely unrelated to Plaintiff's claim that Earl, while acting in his official capacity as Director of Emergency Services, violated Plaintiff's rights. Plaintiff cannot bootstrap his claim on Earl's unrelated position as County Coroner. Further, in general, executive officials exercising purely executive authority without acquiescence or ratification by the legislature will not be considered policy makers for the purposes of establishing municipal liability. *Auriemma v. Rice*, 957 F.2d 397 (7th Cir.1992). Finally, even if Plaintiff could show that Earl was a municipal policy maker, he must also demonstrate that Earl had final policy-making authority with respect to the acts complained of. Because the complaint against the County fails to allege that the alleged abuse was caused by a County policy or was the result of a single decision by a municipal policy maker with final policy-making authority relative to the acts complained of, it will be dismissed, although without prejudice, for the same reasons and under the same conditions as stated above.

Defendant has also moved for dismissal of Plaintiff's pendant state claims pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since the Court is giving Plaintiff leave to amend, such dismissal would be premature.[3]

## CONCLUSION

Defendants' Motion To Dismiss [Doc. # 8, Part # 1] is hereby granted. Plaintiff

---

**2.** In *Tuttle,* the Court stated that "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the casual connection between the 'policy' and the constitutional deprivation." *Tuttle,* 471 U.S. at 824, 105 S.Ct. at 2436. Plaintiff has not alleged the existence of a patently unconstitutional county policy. And the Court does not believe that the fact that a single County employee, Defendant Earl, committed two acts of sexual abuse on a single individual,

Plaintiff, standing alone indicates that the abuse was in any way causally connected to a County custom or policy. *See Hossman v. Blunk,* 784 F.2d 793 (7th Cir.1986) (a plaintiff must allege a specific pattern or series of incidents that support the general allegation that a policy or custom exists).

**3.** Defendants should note that pendant jurisdiction is now governed by 28 U.S.C. § 1367, which governs the Court's supplemental jurisdiction.

has 21 days within which to file an amended complaint.