**John NORTHEN, Jimmie Markham, and John McCarthy, Plaintiffs,**

v.

**The CITY OF CHICAGO, a municipal corporation, Defendant.**

No. 93 C 4677.

United States District Court, N.D. Illinois, E.D.

Oct. 7, 1993.

Richard J. Puchalski, Sklodowski, Franklin, Puchalski & Reimer, Chicago, IL, for plaintiffs.

Barbara Susan Smith, Shelly Rachel Remen, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs John Northen, Jimmie Markham, and John McCarthy, former Chicago police officers who receive disability pensions from the City of Chicago ("the city"), sue the city for requiring them to pay for their own health insurance. The city formerly had provided the plaintiffs free health insurance through the city's employee health plan. The plaintiffs claim that the city's actions violate the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("the ADA"). The plaintiffs also contend that the city's actions violate article 13, section 5 of the Illinois constitution and article 5 of the Illinois pension code, 40 ILCS 5/5–101, *et seq.* The city moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

### BACKGROUND

For purposes of ruling on a motion to dismiss, the court must take as true all factual allegations in the complaint. *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1989). The plaintiffs are retired Chicago policemen with disabilities [1] who receive disability pensions through the city's Policemen's Benefit and Annuity Fund ("the fund"). Complaint ¶¶ 5–7. On about August 1, 1992, the plaintiffs were notified that they no longer would be eligible for free health

insurance through the fund. Complaint ¶ 9. Active Chicago policemen continue to receive free health benefits. Complaint ¶ 11.

The plaintiffs filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("the EEOC"), and the EEOC granted the plaintiffs notice of the right to sue. Complaint ¶ 15. The plaintiffs filed this suit within ninety days of receiving the right to sue. The city moves to dismiss for failure to state a claim upon which relief can be granted.

### DISCUSSION

#### 1. Motion To Dismiss

■ A motion to dismiss concerns the sufficiency of the complaint, not the merits of the suit. *Triad Ass'n, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). The court grants a motion to dismiss only if it is clear that the plaintiff can prove no set of facts that would entitle him to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir.1993); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ In ruling on a motion to dismiss, the court takes all well-pleaded facts to be true, and draws all inferences and resolves all ambiguities in the non-moving party's favor. *Bontkowski v. First National Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993); *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). Thus, the complaint may be dismissed for failure to state a claim upon which relief can be granted only if the facts that the plaintiffs allege show that they are not entitled to judgment. *Bartholet v. Reishauer, A.G.,* 953 F.2d 1073, 1079 (7th Cir.1992).

#### 2. ADA Claim

■ The city moves to dismiss count I because the plaintiffs are not covered under the ADA. The city contends, without case law support, that:

*1. The complaint does not specify in what way the*        plaintiffs are disabled.

the employment provisions of the ADA do not apply to former employees.... Plaintiffs admit that they are former employees of the Chicago Police Department.... Thus, they are not employees within the meaning of the ADA.

Motion at 2. The city's argument is unpersuasive. The Seventh Circuit has held that retirement benefits are within the "compensation, terms, conditions, or privileges of employment" covered under Title VII. *See Bartmess v. Drewrys U.S.A., Inc.,* 444 F.2d 1186, 1189 (7th Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971). The Seventh Circuit also has held that being an employee is not a *sine qua non* for maintaining a suit against an employer; rather, there must be an "employment relationship" in order to maintain a suit. *Doe on behalf of Doe v. St. Joseph's Hospital,* 788 F.2d 411, 422–25 (7th Cir.1986). In the *Doe* case, the Seventh Circuit noted that Title VII "does not use the term 'employee' but rather refers to 'any individual.' There are no indications that 'any individual' should be read to mean only an employee of the employer." *Id.* at 422.[2]

At the initial pleading stage it is too early to conclude that retirees are not covered employees under the ADA. *See Doe,* 788 F.2d at 422 (because plaintiff may be able to establish that she should be covered under Title VII, district court should not have dismissed case at pleading stage). Furthermore, because it granted the plaintiffs the right to sue, the EEOC apparently viewed plaintiffs' claims as covered under the ADA. Complaint ¶ 15. The city's motion to dismiss count I is denied.

**3. State Law Claim**

■ The city contends that the plaintiffs' state law claims in count II should be dismissed as untimely. The plaintiffs allege that the city "terminated the plaintiffs' insurance coverage" in July 1992. Complaint ¶ 19. The plaintiffs received notice of the change in health coverage "on or about August 1,

1992." Complaint ¶ 8. The plaintiffs filed suit on August 3, 1993.

Under Illinois' Local Governmental and Governmental Employees Tort Immunity Act, a civil action against a local governmental entity must be "commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8–101. The plaintiffs' action accrued on August 1, 1992—more than one year before the plaintiffs commenced this action. The city's motion to dismiss count II as time-barred is granted.

### CONCLUSION

For the foregoing reasons, the City of Chicago's motion to dismiss is granted in part and denied in part. Count II of the complaint is dismissed. The motion to dismiss is denied as to Count I. The City of Chicago is directed to answer the complaint by October 22, 1993.

---

**2.** The cases discussed involved Title VII. The ADA uses nearly identical language and incorporates parts of Title VII by reference. *Compare* 42 U.S.C. §§ 12111–12 (referring to "qualified individual with a disability") and 42 U.S.C. § 2000e (referring to "an individual").