124 F.3d 206
 10 NDLR P 191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Benito VARGAS, Plaintiff-Appellant,
v.
YELLOW FREIGHT SYSTEM, INC., Defendant-Appellee.
 No. 96-3636.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided July 8, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, No. IP95-943-C T/G; John D. Tinder, Judge.
 Before POSNER, Chief Circuit Judge, CUMMINGS, and BAUER, Circuit Judge.
 
 ORDER
 
 1
 Benito Vargas as filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Yellow Freight System, Inc. ("YFS") more than three and one-half years after his employment was terminated. In response, the EEOC issued a right to sue letter, which stated that Vargas's charge was untimely, precluding an investigation by that agency. Vargas then filed a complaint with the district court against YFS, alleging discrimination under Title VII and the Americans with Disabilities Act ("ADA"). The district court granted YFS's second motion to dismiss pursuant to to Federal Rule of Civil Procedure 12(b)(6). Although the court granted Vargas every benefit of the doubt in equitably tolling the statute of limitations, it found that he had still filed an untimely EEOC charge, had failed to account for the same, and thus had failed to state a claim upon which relief could be granted. Vargas appeals and we affirm.
 
 
 2
 According to the Amended Complaint, Vargas was notified by YFS in a July 30, 1991 letter that he had failed a drug urinalysis and, therefore, his employment was terminated. The Teamsters union filed a grievance with YFS concerning his discharge on August 2, 1991. The discharge was sustained on December 12, 1991 with correspondence to appellant from the Teamsters and YFS on December 12 and 13, 1991 respectively. A second grievance was filed on December 18, 1991, and the termination was again sustained on June 10, 1992. Vargas alleges that he contacted the EEOC sometime after June 10, 1992 or in November 1992[1] and was told that he had 300 days to file a Charge of Discrimination against YFS. Vargas did not visit the EEOC until May 5, 1993 at which time he alleges that he filled out a questionnaire, but he did not file a charge of discrimination until March 13, 1995.
 
 
 3
 We review de novo a dismissal for failure to state a claim under Rule 12(B)(6). Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir.1995). We accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. Id. "[I]f the plaintiff ... pleads facts and the facts show that he is entitled to no relief, the complaint should be dismissed. There would be no point in allowing such a lawsuit to go any further; its doom is foretold." American Nurses' Ass'n v. Illinois, 783 F.2d 716, 727 (7th Cir.1986).
 
 
 4
 Both Title VII and the ADA require the filing of a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). The filing period begins to run when the employee is notified of the adverse employment decision. See Delaware State College v. Ricks, 449 U.S. 250, 258-59 (1980); Vaught v. R.R. Donnelley & Sons Co., 745 407, 411 (7th Cir.1984). Vargas was notified of his termination on July 31, 1991. He was required to file his discrimination charge with the EEOC by May 25, 1992. "[F]ailure to file a timely charge bars an action unless the plaintiff satisfies the court that the filing deadline was tolled on equitable grounds." Id. at 410. "Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine the information essential to bringing a complaint." Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 553 (7th Cir.1996).
 
 
 5
 Vargas asserts this doctrine, relying upon rather vaguely stated irregularities on the part of the EEOC in timely processing his intake questionnaire. While we have held that the filing of a completed intake questionnaire may in some circumstances constitute a charge of discrimination, see e.g., Downes v. Volkswagen of America, 41 F.3d 1132, 1138-39 (7th Cir.1994); Early v. Bankers Life and Casualty Co., 959 F.2d 75, 80-81 (7th Cir.1992), such treatment here would be futile. Assuming that the EEOC delayed the processing of appellant's questionnaire, his May 5, 1993 filing date was still almost a year past the statutory deadline.
 
 
 6
 Vargas also argues that he made no immediate contact with the EEOC after his discharge because he chose to follow advice from counsel and pursue the "labor contract provisions" (presumably the grievance procedures). However, nowhere in his Amended Complaint does he make such an allegation. Even if he had made such an averment, the statutory filing deadline is not tolled during the pendency of private grievance procedures. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 397 (1982); Electrical Workers v. Robbins & Myers Inc., 429 U.S. 229 (1976). Hence, tolling is not warranted.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Paragraph 26 of the Amended Complaint provides the June date, but the accompanying "Memorandum of Jurisdiction" provides the November 1992 date