Alyce Schott, Administratrix of the Estate of Robert Schott, Deceased, Plaintiff-Appellee, v. Atchison, Topeka & Santa Fe Railroad, a Foreign Corporation, and The Belt Railway Company of Chicago, a Corporation, Defendants-Appellants.

Gen. No. 51,629.

First District, First Division.

January 15, 1968.

Rehearing denied February 15, 1968.

Richard F. Koproske and Glen H. Carrier, of Chicago (Glen H. Carrier, of counsel), for appellant.

Harold A. Liebenson and Milroy Blowitz, of Chicago, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Robert Schott filed suit against the Santa Fe Railroad for injuries sustained when the automobile he was driving was struck by a Santa Fe train. The train was being operated on railroad tracks belonging to the Belt Railway Company of Chicago (Belt), and it was made a party defendant charged with negligence in the operation and maintenance of the railroad crossing. Robert Schott died from other causes three months before the case was called for trial and his administratrix was substituted as the plaintiff. Santa Fe was dismissed as a party to the cause after the jury was selected and opening statements were made. The first trial resulted in a deadlocked jury. The cause was retried by a second jury and a verdict in favor of the plaintiff was returned in the amount of $10,000. This jury also found, in its answer to a special

interrogatory, that Robert Schott was not guilty of contributory negligence.

Belt's post-trial motion to set aside the answer to the special interrogatory and enter judgment notwithstanding the verdict, or in the alternative grant a new trial, was denied. Defendant appeals from the denial of its motions for a directed verdict during the trial, the entry of the judgment, and from the denial of its post-trial motion.

Belt's theory of the case is that plaintiff failed to prove a prima facie case; that plaintiff failed to show that any negligence on the part of the Belt was the proximate cause of his injuries; that plaintiff failed to prove *how* the accident happened and without this element any one of several possible causes not attributable to the negligence of the Belt could have produced the injuries; that plaintiff failed to prove due care on the part of Robert Schott and he was guilty of contributory negligence as a matter of law; and that the court erred in giving certain instructions to the jury.

The scene of the occurrence was in the 4900 block of South Lawndale Avenue. This street, which runs in a general North-South direction, is twenty-feet wide and the only through street between Kedzie Avenue and Pulaski Road, which runs South from 47th Street. Lawndale is heavily traveled by both commercial and private vehicles. There are five sets of railroad tracks which cross Lawndale Avenue. The four northern sets of tracks belong to the Indiana Harbor Belt Railroad. The fifth set, where the accident in the instant cause occurred, was owned by the defendant, Belt. The distance from the South rail of track number four to the North rail of track five is 101 feet and six inches.

As one proceeds South on Lawndale and approaches the railroad crossing, you go up an incline to reach the first set of tracks. When you reach the second set, the road levels out. The 100 feet between the Indiana Har-

138

bor tracks and the Belt track is a "washboard" road, very bumpy and patchy, with some of the holes being two inches deep.

The only sign designating the Belt track is a crossbar. There is no flasher, no light of any kind, no gate, no permanent watchman and no bell. There is a city street-light in the middle of the crossing, but the testimony as to whether this light was working the night of the occurrence is conflicting. Although the Belt produced evidence that the crossbar had been treated with re-flectorized material in late 1957, or early 1958, other witnesses testified that the crossbar was dirty, weathered, not visible at night and did not contain any reflectorized material.

Schott was a Chicago police officer. He had been visiting the home of a fellow officer who lived one block from the railroad crossing. At about 1:15 a. m., Schott left to go home and proceeded South on Lawndale Avenue. His speed was about 20 miles per hour until he started up the incline at the crossing when he reduced his speed to 10 miles per hour. Schott had never driven in this area before. Although Schott died prior to the trial, both parties stipulated to the use of his deposition as evidence. Schott testified:

> "I thought I was over the railroad tracks. I went down another short incline and I ran into—I hit the train. I didn't see anything; boom, I hit it."

He thought he had gone over three sets of tracks and traveled 30 feet when he ran into something. He neither saw nor heard any warnings of any kind.

■ ■ The first point raised by defendant is that plaintiff failed to prove the proximate cause of the accident. It is argued that there are several possible causes of the injury and because plaintiff failed to prove which one led to his injuries, defendant was entitled to a directed verdict at the close of plaintiff's evidence. The

case of Shipley v. Southern Pac. Co., 44 Ill App2d 1, 193 NE2d 862 (1963), is relied upon to sustain this argument. In Shipley, the plaintiff's theory was that the load in a boxcar had shifted during transit as a result of "humping" operations. The court concluded that plaintiff failed to show that an impact caused the load to shift, nor did he show which of the two carriers caused the impact. We do not feel the Shipley case is controlling here. The plaintiff's theory in the case at bar is that the railroad crossing was dangerous. Sufficient evidence was produced to demonstrate this fact. Taking the evidence in the light most favorable to the plaintiff, we find that the road was washed out and bumpy, making it difficult to drive on. The only indication of a railroad track was a weathered and dirty crossbar which was difficult to see. The city streetlights were out. The crossing was on a heavily traveled street which was the only through street for about a half mile in each direction. In light of this evidence, we believe the trial judge was correct in refusing to direct a verdict for defendant.

█ Belt's second point is that plaintiff did not prove his freedom from contributory negligence and that he was guilty of such negligence as a matter of law. The jury's answer to the special interrogatory was that plaintiff was not guilty of contributory negligence. In Dee v. City of Peru, 343 Ill 36, 174 NE 901 (1931), an accident occurred in bright daylight on a drawbridge which had a gate undisputedly visible from more than 100 feet. The Supreme Court held that "one having an unobstructed view of a dangerous crossing on a highway is not justified in closing his eyes or failing to look in reliance upon the assumption that that highway is free and open to travel." Defendant's reliance on Dee to hold the plaintiff in the instant case guilty of contributory negligence is misplaced. The factual distinction between the two cases is clear. Plaintiff proved he was proceeding at low speed.

It was 1:15 a. m. It was pitch-dark. He saw no lights, heard no warnings. This was sufficient to establish the negative aspect of the proposition that he was not guilty of contributory negligence.

■ This court is familiar with the cases which hold that ordinarily a train on a crossing is sufficient warning to any traveler. However, in Petricek v. Elgin, J. & E. Ry. Co., 21 Ill App2d 60, 157 NE2d 421 (1959), this court stated that this general rule is based on the principal element of perceptibility. We find that issue also present in the instant case. Whether the train on the track was adequate warning or whether the Belt was negligent in failing to have a better warning system because of the nature of this crossing was a question of fact properly submitted to the jury.

■ The final point raised by defendant is that the jury was improperly instructed. Over defendant's objection, the following instruction was given to the jury:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

" 'Hereafter, at all of the railroad crossings of highways and streets in this state, the several railroad corporations in this state shall construct and maintain said crossings, and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property.' " IRS, c 114, § 62, p 1824.

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

141

This is precisely the same instruction given the case of McElligott v. Illinois Cent. R. Co., 37 Ill2d 459, 227 NE2d 764 (1967). The Supreme Court held that this instruction is erroneous because it fails to reflect judicial modification of the statute. However, in McElligott the trial judge, in his discretion, had granted a new trial. The Supreme Court was affirming the actions of the trial judge. In the instant case the trial judge did not feel that the instruction prejudiced the defendant and refused to grant a new trial. We do not feel this was an abuse of discretion.

Defendant also objects to plaintiff's issues instruction. The defense did not submit any issues instruction of its own. The instruction was in the approved form of IPI 20.01 and set forth the allegations of the complaint. We find no error here.

The third and final error raised is the refusal of the court to give defendant's instruction No. 17 which was IPI 73.01. This instruction was properly refused because plaintiff did not know that he was on a railroad crossing. His testimony was that he believed he had passed the crossing after going over what he thought were three sets of tracks. If plaintiff's belief in this fact was negligence, the jury could have so found under the other instructions given.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.