**David D. PEARMAN, as Administrator of the Estate of Tamra S. Pearman, Deceased, Plaintiff–Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, a railroad corporation, Defendant–Appellee.**

No. 90–2280.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 25, 1991.

Decided Aug. 16, 1991.

John T. Papa (argued), Pratt & Callis, Granite City, Ill., for plaintiff-appellant.

Brian L. McPheters (argued), Hatch, Blockman, McPheters, Fehrenbacher & Lyke, Champaign, Ill., for defendant-appellee.

Before MANION and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

KANNE, Circuit Judge.

During the evening of March 25, 1989, at approximately 8:20 p.m., Tamra Pearman was driving her pickup truck on a highway in Vermilion County, Illinois. One of the Norfolk & Western Railway Company's trains was stopped in such a manner that a black tanker car came to rest blocking the grade crossing where the highway on which she was travelling crossed the tracks. The pickup truck collided with the tanker car at that grade crossing and Mrs. Pearman was killed.

This case involves a tort doctrine, relatively ancient in origin, which was recently reaffirmed by the Illinois Supreme Court. It is the standing-car rule, which relieves the railroad of a duty to give warning, and the question presented to us in this diversity case is whether the district court properly applied the rule in granting Norfolk & Western's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

■ We review *de novo* the district court's grant of Norfolk & Western's 12(b)(6) motion to dismiss. *Harris Trust & Sav. Bank v. E–II Holdings, Inc.*, 926 F.2d 636, 641 n. 17 (7th Cir.1991). The following is a summary of the facts alleged in the complaint, and for purposes of our review, we assume the truth of all well-pleaded allegations and draw all reasonable inferences in the light most favorable to the estate. *Id.*

The complaint contains allegations that Norfolk & Western was negligent in the following respects: 1) operating the train in such a way as to block the crossing with a black tanker car; 2) failing to illuminate the crossing when it knew or should have known the tanker cars blocking the crossing would not be visible to traffic approaching the crossing at night; 3) failing to place ignited fusees or station a crew member with such fusees at the crossing to warn approaching traffic of the train; 4) failing to provide any means of warning to approaching traffic of the train, other than a stationary railroad sign which was not adequate, efficient, reasonable, or in compliance with state regulations; and 5) failing to remove various forms of growth from within 500 feet of the crossing in violation of Illinois law.

■ The standing-car rule provides that "a train stopped at a crossing is generally held to be adequate notice and warning of its presence to any traveler who is in the exercise of ordinary care for his own safety, and the railroad is under no duty to give additional signs, signals or warnings." *Dunn v. Baltimore & O.R.R.*, 127 Ill.2d 350, 130 Ill.Dec. 409, 412, 537 N.E.2d 738, 741 (1989). An exception to the general rule provides that more warnings may be required in the presence of "special circumstances." *Id.* In a case involving the conclusion that a blinding snowstorm was a special circumstance, an Illinois appellate court emphasized that "[p]erceptibility [ ] is an important element in the general rule." *Petricek v. Elgin, J. & E. Ry.*, 21 Ill.App.2d 60, 157 N.E.2d 421, 423 (1959), *cited in Dunn*, 130 Ill.Dec. at 412, 537 N.E.2d at 741. The *Dunn* court noted that the *Petricek* rationale was that if one cannot see the standing train because of a blinding snowstorm, the train cannot serve as warning of its presence, and thus the general rule would not apply. The *Dunn* court then states the *Petricek* court's implication that if the train is not perceptible to one exercising ordinary care, the railroad may be liable. *Dunn*, 130 Ill.Dec. at 412, 537 N.E.2d at 741.

■ With regard to the cause of the accident, the complaint boils down to stating that Norfolk & Western parked black tanker cars across the highway at night; no warning of the cars' presence was given other than the stationary cross-arm sign which permanently marked the crossing; and the black train cars were not visible to the approaching Mrs. Pearman.

Norfolk & Western used a common litigation tool at this point in the case and filed a 12(b)(6) motion, relying on *Dunn* and stating that an allegation that the railroad car was black is not sufficient to

support "special circumstances" which would remove this case from the ambit of the general standing-car rule. The district court agreed and dismissed the case.

Although the estate's possibility of recovery in this litigation is far from certain, the 12(b)(6) dismissal precluded it from developing reasonable inferences raised by its complaint which might support a factual showing of special circumstances.

At the time the district court rendered its ruling it did not have the aid of our decision in *Trevino v. Union Pac. R.R.*, 916 F.2d 1230 (7th Cir.1990), which provides some guidance in interpreting the Illinois standing-car rule set forth in *Dunn*. In *Trevino*, we emphasized that there are many different "special circumstances" that might allow the case to fit within the exception to the general rule regarding the standing cars, and these special circumstances need not be specifically pleaded in the complaint. "Whether the circumstances of an accident with a standing car are special cannot be determined until those circumstances are known, and in the usual case that will require going beyond the pleadings." *Id.* at 1234.

Here, given the nature of a 12(b)(6) motion, the district court did not go beyond the pleadings. It assumed all the allegations in the complaint were true, but concluded that the complaint did not contain "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Dist. Ct. Order at 3 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (emphasis omitted)).

■ But the estate does not have to allege sufficient facts to establish its right to a judgment in its favor. *Trevino*, 916 F.2d at 1234. It is true that a plaintiff can "plead himself out of court" by alleging facts which would legally preclude a claim. *Id.; American Nurses Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir.1986). That is not the case here. The estate raised the issue of perceptibility in its complaint by alleging that black tanker cars would not be visible at night. In its complaint the estate did not set forth all the possible factors dealing with Mrs. Pearman's ability to perceive the black tanker car on that March evening—nor was it required to. As we noted in *Trevino*, when the plaintiff challenges dismissal of his complaint for failure to state a claim, the plaintiff may make reference to facts that are as yet hypothetical, in order to demonstrate that he may be able to "establish a set of facts, consistent with though not necessarily enumerated in his complaint, that would entitle him to a judgment." *Trevino*, 916 F.2d at 1239.

The color of the tanker car in itself may involve the existence of special circumstances. The estate has cited cases from a number of jurisdictions discussing a dark-colored train car's effect on its perceptibility. *See, e.g., Hartzler v. Chesapeake & O. Ry.*, 433 F.2d 104 (1970) (applying Indiana law); *Matkovich v. Penn Cent. Transp. Co.*, 69 Ohio St.2d 210, 431 N.E.2d 652 (1982) (applying Ohio law); *Texas–New Mexico Ry. v. Bailey*, 203 F.2d 647 (5th Cir.1953) (applying Texas law). Although other states may have laws differing from the Illinois version of the standing-car rule, we noted in *Trevino* that the type of car is relevant to the issue of special circumstances, and more specifically implied that the fact that the car is painted a flat black might be relevant to the issue of perceptibility. *Trevino*, 916 F.2d at 1236–37. Other facts which might demonstrate the existence of special circumstances were also noted. *Id.* at 1237–38.

The estate has raised the issue of perceptibility by alleging the train was not visible to vehicular traffic approaching at night. There are no assertions in the complaint that preclude the estate from attempting to develop factual support for the perceptibility issue, and if disputed facts exist perceptibility becomes a question of fact for the jury. *Schott v. Atchison, T. & S.F.R.R.*, 91 Ill.App.2d 135, 234 N.E.2d 414, 417 (1968).

For the foregoing reasons, the decision of the district court dismissing the complaint pursuant to Rule 12(b)(6) is RE-VERSED, and the case is REMANDED to the

district court for reinstatement and further proceedings consistent with this opinion.