Christopher STURDEVANT, Plaintiff,

v.

THOMAS E. JOLAS, P.C. and Thomas E. Jolas, Defendants.

No. 96–C–0577–S.

United States District Court,
W.D. Wisconsin.

Oct. 22, 1996.

Sandra M. Baner, Baner Law Office, Janesville, WI, for Plaintiff.

Bryan D. Woods, Bennan, Steil, Basting & MacDougall, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Plaintiff Christopher Sturdevant commenced this action against defendants Thomas E. Jolas, P.C. and Thomas E. Jolas in his individual capacity for alleged violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.* Plaintiff claims that two letters sent by defendants contain three violations of the FDCPA. The case is now before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

When addressing a Rule 12(b)(6) motion to dismiss a court is required to accept the truth of the well-pleaded allegations contained in the complaint and to draw all reasonable inferences in the light most favorable to the nonmoving party. *Pearman v. Norfolk & Western Ry. Co.,* 939 F.2d 521, 522 (7th Cir.1991). Accordingly, the following is a summary of the facts viewed in the light most favorable to plaintiff.

## FACTS

Plaintiff Christopher Sturdevant resides in Beloit, Wisconsin. Defendant Thomas E. Jolas, P.C. is a law firm with its principal place of business in Mason City, Iowa. Defendant Thomas E. Jolas is an attorney licensed to practice in Iowa and operates the defendant law firm in Mason City, Iowa.

Defendants were hired by Associated Foot Clinic, S.C. to collect an unpaid bill for medical services in the amount of $176.80 owed by plaintiff. On August 7, 1995, defendants sent a letter to plaintiff informing him that this account had been assigned to them for collec-

tion. The letter contained the following paragraphs:

> Should you dispute this debt or any portion thereof, you must notify my office in writing within 30 days of receiving this notice. We will then obtain verification of the debt and mail it to you. Also, if you request in writing, we will provide you the name and address of the original creditor, if different from the current creditor.

> Unless you notify my office within 30 days of receiving this notice, I will assume the debt is valid.

This letter was written on Thomas E. Jolas, P.C. law firm stationery. On August 28, 1995, twenty-one days after the first letter, defendants mailed a second letter to plaintiff concerning the debt. The letter provided in pertinent part:

> Payment in full or arrangement for payment must be made to my office within ten (10) days of receipt of this letter.

> This is an attempt to collect a debt. Any information obtained will be used for that purpose.

> While my client has not made any decision concerning future action on this account, this letter is my final demand for payment. Please call my office today.

This letter was also written on Thomas E. Jolas, P.C. law firm stationery.

Plaintiff subsequently filed this action claiming that these two debt collection letters from defendants contained three violations of the FDCPA. Specifically, plaintiff contends that the first letter failed to comply with 15 U.S.C. § 1692g(a)(3) by improperly stating that plaintiff must notify defendants in writing if plaintiff disputes the debt. Plaintiff further claims that the second letter violates § 1692g(a) by contradicting and overshadowing the validation notice contained in the first letter and violates § 1692e(5) and (10) by implying the threat of legal action which could not legally be taken by defendants against plaintiff. Defendants have now moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that plaintiff's complaint fails to state a claim.

## MEMORANDUM

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "will be granted only if 'it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" *Hondo, Inc. v. Sterling,* 21 F.3d 775, 777 (7th Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

The Seventh Circuit Court of Appeals has recently held that claims against debt collectors under the FDCPA are to be viewed from the perspective of the "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996). This standard attempts "to effectuate the goal of consumer protection laws by protecting 'consumers of below-average sophistication or intelligence' who are 'especially vulnerable to fraudulent schemes.'" *Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994) (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2nd Cir.1993)). "[The] unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon,* 27 F.3d at 1257. Accordingly, this Court will consider plaintiff's claims under the FDCPA using the unsophisticated consumer standard.

### The Writing Requirement

Title 15 section 1692g provides in pertinent part:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff contends that defendants' first collection letter violates 15 U.S.C. § 1692g(a)(3) because it stated that plaintiff was required to dispute the validity of the debt in writing. Plaintiff argues that because subsections (a)(4) and (a)(5) expressly call for written communications, the absence of such a requirement in (a)(3) reflects the intent of Congress to omit the writing requirement for a consumer to dispute the validity of a debt.

The Third Circuit Court of Appeals is the only federal appellate court to consider this issue. In *Graziano v. Harrison*, 950 F.2d 107, 112 (3rd Cir.1991), the Third Circuit held that although the statutory language of § 1692g(a)(3) does not expressly require that a debtor's dispute be in writing, such a requirement must be read into the statute in order for § 1692g(a) to be effective. The *Graziano* court reasoned:

Adopting [the debtor's] reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system. We also note that

there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts. We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.

Accordingly, the Third Circuit found that requiring a debtor to dispute a debt in writing did not violate § 1692g(a).

█ In support of his position, plaintiff cites two district court cases that came to the opposite conclusion. In *Harvey v. United Adjusters*, 509 F.Supp. 1218, 1220 (D.Or. 1980) and *Reed v. Smith et al.*, No. 93–956–A–1 (M.D.La. Feb. 7, 1995), the district courts found that requiring a debtor to dispute the validity of a debt in writing violated § 1692g(a)(3). However, neither of these decisions thoroughly analyzed the inherent writing requirement of subsection (a)(3) in connection with § 1692g(a) as a whole. Furthermore, neither court considered the impracticality of their holdings addressed by the Third Circuit in *Graziano*. This Court agrees with the Third Circuit in *Graziano* and finds that requiring a debtor to dispute the validity of a debt in writing does not violate § 1692g(a)(3).

*Overshadowing*

█ Plaintiff also argues that the statement in the August 28 letter that "[p]ayment in full or arrangement for payment must be made to my office within ten (10) days of receipt of this letter" violates § 1692g(a) by overshadowing and contradicting the validation notice of the August 7 notice which informed plaintiff of his right to dispute the validity of the debt within thirty days.

█ It is well established that if the validation notice is overshadowed or otherwise contradicted by another provision, § 1692g of the FDCPA is violated. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996). In order to establish an overshadowing violation of the FDCPA the debtor must establish that, from the perspective of the unsophisticated consumer, language con-

tained in the notice overshadowed or contradicted the mandatory validation notice. *Id.* A notice is overshadowing or contradictory if it makes an unsophisticated consumer uncertain as to his or her rights under the FDCPA. *Id.*

Defendants sent plaintiff the initial validation notice on August 7, 1995 stating that plaintiff had thirty days to dispute the validity of the debt. Accordingly, plaintiff would have until September 6, 1995 to dispute the validity of the debt pursuant to § 1692g(a)(3) of the FDCPA. On August 28, 1995, defendants sent plaintiff a second notice stating that payment in full or arrangement for payment of the debt must be made within ten days of plaintiff's receipt of the letter. Accordingly, the ten day period referred to in the August 28 letter would not expire until at least September 7, 1995 which is outside the thirty day validation period.

■ A debt collector can legally demand payment of a debt immediately after the § 1692g(a)(3) thirty day period for validation of the debt has expired. *Higgins v. Capitol Credit Servs., Inc.*, 762 F.Supp. 1128, 1136 (D.Del.1991). Because the ten day period for payment as provided in defendants' August 28 letter expired outside the thirty day validation period provided in the August 7 notice, defendants could legally demand payment of the debt at issue in this case. Because defendants were legally entitled to demand payment as they did in the August 28 letter, the ten day period for payment in that letter does not overshadow or contradict the validation notice contained in defendants' August 7 letter.

*Threat of Legal Action*

■ Plaintiff's final argument is that defendants' letters implicitly threaten legal action which cannot legally be taken in violation of § 1692e. Section 1692e provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . . .

(5) The threat to take any action that cannot be legally taken or that is not intended to be taken.

. . . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Plaintiff believes that defendants' two letters violate this section by threatening legal action against plaintiff which cannot be legally taken for two reasons. First, plaintiff contends that because the individual defendant Thomas E. Jolas is not an attorney licensed to practice in the State of Wisconsin, defendants could not legally bring an action to collect this debt in Wisconsin. This argument is frivolous. At a minimum, defendants could have retained local counsel in Wisconsin if they chose to pursue collection of this debt in a Wisconsin court. Defendants could have legally taken any action against plaintiff to collect this debt in Wisconsin. The fact that defendant Jolas was not a member of the Wisconsin State Bar while attempting to collect a debt in the State of Wisconsin does not constitute a threat of action that cannot legally be taken or an attempt to mislead plaintiff in order to collect the debt.

■ Second, plaintiff contends that every collection letter from an attorney carries an implied threat of legal action which may not have been intended to be pursued by the debt collecting attorney. This argument is equally frivolous. If this statement were true, every collection letter from an attorney would be subject to a FDCPA action in order to determine whether the attorney actually intended to take legal action at the time the initial validation notice was sent. Clearly this was not the intent of Congress when it enacted the FDCPA. While the FDCPA was intended to protect consumers from unscrupulous debt collection practices, it was also intended to avoid imposing unnecessary restrictions on ethical debt collectors. *Higgins*, 762 F.Supp. at 1135.

Moreover, defendants' August 28 letter specifically provided:

> While my client has not made any decision concerning the future action on this account, this letter is my final demand for payment.

This language explicitly states to even the most unsophisticated consumer that the decision on future collection activity lies with the creditor and had not as yet been determined. Defendants' communications with plaintiff concerning a debt do not implicitly threaten action which cannot be legally taken, threaten legal action that was not intended, nor constitute deceptive means to collect plaintiff's debt.

Accordingly, plaintiff's complaint fails to state a claim which entitles him to relief under the FDCPA.

## ORDER

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants and against plaintiff dismissing his complaint and claims therein with prejudice and costs.