165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fred KIRCHHOFF and Wanda Kirchhoff, Plaintiffs-Appellants,
v.
CITY OF AURORA, a Municipal Corporation, Defendant-Appellee.
 No. 97-3478.
 United States Court of Appeals, Seventh Circuit.
 Argued May 11, 1998.
Decided Aug. 28, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 94 C 4225, Blanche M. Manning, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOEL M. FLAUM, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 In June 1994, Fred and Wanda Kirchhoff filed a § 1983 action against the City of Aurora, alleging that the City violated their Fourth Amendment rights when it canceled and then refused to issue licenses for four buildings the Kirchhoffs owned because they refused to consent to warrantless searches of the buildings. Because the City canceled the licenses in 1988, the district court dismissed the Kirchhoffs' complaint as barred by Illinois' two-year statute of limitations. The Kirchhoffs appeal. Because the Kirchhoffs annually applied for licenses and the most recent denials were within two years of filing suit, we affirm in part, reverse in part, and remand.
 
 I. Background
 
 2
 The plaintiffs, Fred and Wanda Kirchhoff, currently own one apartment building in Aurora, Illinois. Prior to August 26, 1993, they owned three other apartment buildings. Because the Kirchhoffs rented to the public apartments in all four buildings, Aurora Ordinance No. 082-5117 and its successor, No. 090-020, required them to obtain licenses for the buildings (which for simplicity's sake we will call rental licenses). In order to obtain a rental license, landlords had to agree to permit inspectors employed by the City to inspect all areas of the apartment buildings, including apartments currently occupied by private tenants.
 
 
 3
 While the Kirchhoffs originally agreed to this condition and obtained rental licenses for all of their buildings, beginning in 1988 they refused to allow the City's inspectors access to private apartments, believing that the City was using this ordinance to conduct warrantless searches. The City responded by revoking the Kirchhoffs' rental licences. Every year following the revocation, the Kirchhoffs applied for rental licenses. Every year the City denied their applications because they refused to consent to the inspections. That is all the City did, however, the Kirchhoffs continued to rent apartments to the public (although allegedly at a reduced rate because they were unlicensed) and the City did nothing to stop them.
 
 
 4
 On June 12, 1994 the Kirchhoffs sued the City under § 1983. They alleged that the City, in revoking their rental licenses and in refusing to issue them licenses in later years, violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution. The City moved to dismiss, arguing that because it first revoked the licenses in 1988, the Kirchhoffs' claims were barred by Illinois' two-year statute of limitations. The district court agreed with the City and dismissed the Kirchhoffs' action. They appeal.
 
 II. Analysis
 
 5
 This court reviews de novo a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pearman v. Norfolk & Western Ry. Co., 939 F.2d 521, 522 (7th Cir.1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S., 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also, Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 915 (7th Cir.1985) ("[D]ismissal under Rule 12(b)(6) is proper only if the allegations of the complaint make clear that the plaintiff cannot state a claim...."). In determining whether a plaintiff can state a claim, the truth of all pleaded factual allegations is assumed and all reasonable inferences are made in the favor of the plaintiff. Ross v. Creighton Univ., 957 F.2d 410, 411 (7th Cir.1992).
 
 
 6
 Because the district court dismissed the Kirchhoffs' complaint as barred by the statute of limitations, that is the sole issue on appeal. "In order to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims. This circuit has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS § 5/13-202." See, e.g., Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir.1998).
 
 
 7
 While state law "determines the appropriate limitations period for § 1983 actions, ... federal law determines when a federal cause of action accrues, and thus when the limitations period begins ." Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir.1994). Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993). "Our task, therefore, is to identify the constitutional violation and locate it in time." Lawshe, 16 F.3d at 1478.
 
 
 8
 The City of Aurora contends that since it revoked the Kirchhoffs' rental licenses in 1988, their § 1983 claim accrued then. There is no doubt that at that time the Kirchhoffs knew of should have known that their constitutional rights had (allegedly) been violated. So their constitutional claim accrued at that time, and because they did not file suit until June 1994, that constitutional claim is time-barred.
 
 
 9
 But the City's revocation of the Kirchhoffs' rental licenses in 1988 is not the only alleged constitutional violation. Every year thereafter, until this suit was filed, the Kirchhoffs applied for rental licenses. And each year, because the Kirschhoffs refused to consent to the "warrantless searches" of the privately rented apartments, the City denied the rental licenses.[1] Every time the Kirchhoffs applied for and were denied licenses (on allegedly unconstitutional grounds) a new cause of action accrued. The fact that the City of Aurora may have also violated the Kirchhoffs' constitutional rights earlier--and the fact that the Kirchhoffs cannot sue for those violations-- does not bar them from alleging a claim based on additional constitutional violations. See Northern v. City of Chicago, 126 F.3d 1024, 1026-28 (7th Cir.1997) (independent acts of allegedly unconstitutional retaliation occurring within limitations period are not barred even though earlier acts of retaliation are time-barred). Therefore, to the extent that the Kirchhoffs were denied licenses within two years of filing suit, those constitutional claims are not time-barred.[2]
 
 
 10
 Whether the Kirchhoffs will eventually succeed on their § 1983 claim involving a warrantless administrative search is another question, and one governed by Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), and its progeny. But at this time and at this stage of litigation, we must reverse because the Kirchhoffs alleged that the City of Aurora denied their applications for rental licenses within two years of their suit.
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 [1]
 The Kirchhoffs made these allegations in their complaint, as supplemented by their briefs, which is appropriate at this stage. See, e.g., Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir.1992) ("a plaintiff is free on ... appeal to give us an unsubstantiated version of the events, provided it is consistent with the complaint, to show that the complaint should not have been dismissed") (internal quotations omitted)
 
 
 [2]
 The Kirchhoffs contend that the constitutional violations from 1988 until present day are continuing violations and therefore none of the claims are time-barred. We disagree. Every time the Kirchhoffs applied for and were denied new licenses the alleged injury from the previous denial of the license ended and was replaced by the new injury. Therefore, the Kirchhoff can seek recovery only for the denials which occurred within two years of June 1994. See, e.g., Northern, 126 F.3d at 1026-28