**John JOLLY and Patricia A. Jolly, Plaintiffs,**

v.

**Gerald M. SHAPIRO and David S. Kreisman, individually and doing business as Shapiro & Kreisman, a partnership, Defendants.**

No. 02 C 1828.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 6, 2002.

Daniel A. Edelman, Francis Richard Greene, Edelman, Combs & Latturner, Chicago, IL, for plaintiffs.

Eugene Joseph Kelley, Jr., Anna-Katrina Saranti Christakis, Jeffrey D. Pilgrim, Arnstein & Lehr, Chicago, IL, for defendants.

## ORDER AND OPINION

NORGLE, District Judge.

Before the court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as well as Plaintiffs' cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following the reasons, Defendants' motion is granted and Plaintiffs' cross-motion is denied.

## I. BACKGROUND [1]

This action arises from claimed violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Plaintiffs, John and Patricia Jolly ("The Jollys"), own a home located at 11235 South Sangamon, in Chicago, Illinois. Bankers Trust Company of California ("Bankers Trust") holds a mortgage on the Jollys home. The Jollys were required to make monthly payments to Bankers Trust as part of their obligations under the mortgage. As of December 2001, the Jollys had failed to make their monthly mortgage payments and were in default.

Defendant, the law firm of Shapiro & Kreisman, along with the individual Defendants Gerald M. Shapiro and David S. Kreisman [2], were retained to collect the defaulted payments of the Jollys. Shapiro & Kreisman sent separate collection letters to John and Patricia Jolly. The letters stated in pertinent part:

1. As of December 13, 2001, our client has advised that the amount of the debt is $74,671.69

2. The creditor to whom the debt is owed is: BANKERS TRUST COMPANY OF CALIFORNIA

3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client BANKERS TRUST COMPANY OF CALIFORNIA. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us in writing thirty (30) days of the date your [sic] receive this letter.

\*       \*       \*       \*       \*       \*

Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (847) 498–9990.

---

1. The court takes the facts from the parties Local Rule 56.1 statements and accompanying briefs. Disputed facts are noted in the text.

2. For simplicity the court will refer to all Defendants as Shapiro & Kreisman, unless a situation calls for specificity.

(Compl., Ex. A and Ex. B.) These letters were mailed on December 24, 2001. The Jollys acknowledged that they received these letters. The Jollys never contacted Shapiro & Kreisman, either in writing or orally, to dispute their debt.

The Jollys allege the collection letters that Shapiro & Kreisman sent violated the FDCPA, specifically, 15 U.S.C. §§ 1692g and 1692g(a)(3). This action was filed on March 12, 2001. The parties have filed cross-motions for summary judgment before the Court. The motions are now ripe for ruling.

## II. DISCUSSION

### A. Standards for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, *see Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1320 (7th Cir.1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. *See Murphy v. ITT Educational Services, Inc.*, 176 F.3d 934, 936 (7th Cir.1999); *see also Shank v. William R. Hague, Inc.*, 192 F.3d 675, 682 (7th Cir.1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. *See e.g. Navarro v. Fuji Heavy Industries, Ltd.*, 117 F.3d 1027, 1030 (7th Cir.1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. *See id.* It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support.

*See Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146–47 (7th Cir.1994).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir.1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment. *See* Fed.R.Civ.P. 56(c); *Perdomo v. Browner*, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *First Nat'l. Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 280, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Wolf v. Buss (America) Inc.*, 77 F.3d 914, 922 (7th Cir.1996). The choice between reasonable inferences from facts is a jury function. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505; 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2712, at 574–78 (2d ed.1983)). Not all factual disputes warrant the denial of summary judgment; only disputes as to facts material to the substantive claim require resolution by trial. *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir.2001) (citing *Anderson*, 477 U.S. at 247–248, 106 S.Ct. 2505).

### B. FDCPA

The stated purpose of the FDCPA is, in part, "to eliminate abusive

debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA broadly prohibits: (1) unfair or unconscionable collection methods, (2) conduct which harasses, oppresses or abuses any debtor, and (3) any false, deceptive or misleading statements in connection with collection of a debt. 15 U.S.C. §§ 1692d-f. The court must view whether a debt collector's conduct violates the FDCPA from the perspective of an unsophisticated consumer. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir.2000); *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996); *Gammon v. GC Servs. Ltd.,* 27 F.3d 1254, 1257 (7th Cir.1994). "[The] unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon,* 27 F.3d at 1257 (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2nd Cir.1993)).

### 1. 15 U.S.C. § 1692g

■ The Jollys claim a violation of § 1692g of the FDCPA based on the collection letters' failure to state how much was owed by the Jollys as of the date of the letter. Specifically, the Jollys rely on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.,* 214 F.3d 872 (7th Cir.2000) to claim that failure to state the amount owed on a mortgage as of the date of a collection letter is a violation of § 1692g of the FDCPA. In contrast, Shapiro & Kreisman argue that neither the FDCPA nor the *Miller* decision requires that the debt collector state the amount of the debt as of the date of a collection letter. Instead, Shapiro & Kreisman assert that both the FDCPA and the *Miller* decision compel a debt collector to state the amount of the debt as

of a specific date. The Court finds the argument of the Jollys unpersuasive.

Section 1692g of the FDCPA provides in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) No Admission of liability

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of .liability by the consumer.

15 U.S.C. § 1692g(a)-(c).

The Seventh Circuit addressed § 1692g of the FDCPA in its *Miller* decision. *Miller,* 214 F.3d at 872. In *Miller,* the plaintiff claimed that the defendants violated the FDCPA, specifically § 1692g, by failing to state "the amount of debt" in the collection letter[3]. *See id.* at 874. The collection letters sent by the defendants "said that the 'unpaid principal balance' of the loan was $178,844.65, but added that 'this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement.'" *See id.* at 875. The defendants argued that they did state the amount of the debt in the collection letter and that this debt was a business debt and outside the scope of the FDCPA. *See id.* at 874. Judge Posner found that mortgage fell within the parameters of the FDCPA. *See id.* at 875. More significantly, Judge Posner held that the statements made in the collection letter did not comply with the Act. *Id.* The unpaid principal balance is not the debt; it is only part of the debt; the Act requires statement of the debt. *See id.* Judge Poser takes the

analysis of what he calls the "amount of debt" provision a step further by fashioning "safe harbor" language for compliance with the Act:

As of the date of this letter, you owe $_____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 876. Judge Posner explains that a debt collector who uses this form will not violate the "amount of the debt" provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusion or other information (or misinformation). *Id.* (referring to *Marshall–Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir.2000); *Bartlett v. Heibl,* 128 F.3d at 500). However, Judge Posner emphasizes that it is not necessary that a debt collector use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due. *Miller,* 214 F.3d at 876.

The Jollys' entire claim of a violation of § 1692g rests on a strict interpretation of the Act, and a misinterpretation of the *Miller* decision. The linchpin of the Jollys' argument is the first sentence of the safe harbor language composed by Judge Posner in *Miller.* The sentence from *Miller* ("As of the date of this letter, you owe

---

**3.** In *Miller,* Judge Posner refers to a dunning letter. A dunning letter is the same as a collection letter. For clarity, the Court will refer to a dunning letter as a collection letter.

$_____ [the exact amount due]") would seem to indicate that in order to fall within Posner's safe harbor language, and thus comply with § 1692g of the FDCPA, a debt collector must state the entire amount due as of the date of the letter. Clearly, if this is the case, then, the collection letters sent by Shapiro & Kreisman, which state the entire amount due as of a specific date, but not the date of the letter, would violate such an interpretation of *Miller*. This would be true if it were not for the caveat provided by Judge Posner. As previously stated, Judge Posner explained that a debt collector who uses the safe harbor language will not violate the § 1692g, as long the information that is provided by the debt collector is accurate and does not confuse. *See id.* at 876. Additionally, and critical to the Court's analysis, is the fact that Judge Posner holds that it is not necessary that a debt collector use this form of words to avoid violation the statute. *Id.* Thus, an alteration or an entirely different notice can be used in collection letters as long as it does not cause confusion for the unsophisticated consumer. Such an alteration may contain the amount due as of a specific date rather than the date of the letter.

As further evidence that a collection letter that states the amount due as of a specific date does not violate § 1692g or the *Miller* decision, is the decision in *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir.1997). Although *Bartlett* was decided three years prior to *Miller*, it provides a roadmap to the Court in understanding the parameters of the safe harbor language for § 1692g.

In *Bartlett*, the plaintiff claimed a violation of § 1692g based on the confusion a collection letter created. *See Bartlett*, 128 F.3d at 498–499. The Seventh Circuit held that a collection letter was confusing for several reasons, contrary to the principle of the FDCPA. *See id.* at 500. In fash-

ioning the *Bartlett* decision, Judge Posner composed safe harbor language which a debt collector could use to eliminate confusion and comport with § 1692g. Judge Posner wrote:

> Dear Mr. Bartlett
>
> I have been retained by Midcard Services to collect from you the entire balance, which as of September 25, 1995, was $1,656.90, that you owe Midcard Services on your MasterCard Account No. 5414701617068749 . . . .

*Bartlett*, 128 F.3d at 501. It is painfully obvious that Judge Posner viewed a collection letter that stated the amount due as of a specific date as within the scope of § 1692g. There is no authority that has rejected the *Bartlett* decision.

■ The Court, in reconciling the language of *Bartlett* with the language of *Miller*, finds that a collection letter which states either the amount due as of the date of the letter or as of a specific date is in compliance with § 1692g. This is confirmed by the lack of any express statement that the safe harbor language of *Miller* is the only acceptable form in order to avoid violation of § 1692g. The Court must be concerned with whether the unsophisticated consumer could be confused. The Court finds that a collection letter which states the amount of debt as of a specific date does not violate § 1692g, and no reasonable person could conclude that such a collection letter does not inform the debtor of the amount due. *See Miller*, 214 F.3d at 876.

### 2. § 1692g(a)(3)

■ The Jollys also claim that the collection letter violated § 1692g(a)(3) requiring the Jollys to dispute the debt in writing. The Jollys argue that the statute makes no reference, nor does a weight of authority support a requirement, to dispute a debt in writing. In contrast, Shapi-

ro & Kreisman claim the written dispute language did not violate § 1692g(a)(3) of the FDCPA. Again, the court is unpersuaded by the Jollys' argument.

As previously discussed, § 1692 states in pertinent part:

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original credi-

tor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)-(b).

Shapiro & Kreisman correctly point out that the only federal appellate court to consider this issue has been the Third Circuit Court of Appeals in *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir.1991). In *Graziano*, the Third Circuit held that although the statutory language of § 1692g(a)(3) does not expressly require that a debtor's dispute be in writing, such a requirement must be read into the statute in order for § 1692g(a) to be effective. *Graziano*, 950 F.2d at 112. The Third Circuit explained:

[W]e are of the view that, given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing. Subsection (a)(3) states that unless the debtor disputes the debt within thirty days of receipt of notice, the debt collector will assume the debt to be valid. Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. Adopting [a strict literal] reading of the statute would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original

creditor and would be permitted to continue debt collection efforts. We see no reason to attribute to Congress an intent to create so incoherent a system. We also note that there are strong reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts. We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), must be in writing.

*Id. Graziano* and its reasoning has been adopted by courts within the Seventh Circuit. In *Sturdevant v. Thomas E. Jolas,* 942 F.Supp. 426, 429 (W.D.Wis.1996), Chief Judge Shabaz of the Western District of Wisconsin agreed with the reasoning of the Third Circuit and held that requiring a debtor to dispute the validity of a debt in writing does not violate § 1692g(a)(3). *Sturdevant,* 942 F.Supp. at 429. Also relying on *Graziano,* Judge Hamilton of the Southern District of Indiana held in *Castillo v. Carter,* No. 99–1757, 2001 WL 238121, at *3 (S.D.Ind. Feb.28, 2001) that the requirement of writing did not violate the statute. *Castillo,* 2001 WL 238121, at *4.

The Jollys cite several cases which the Jolly assert take the position contrary to the *Graziano* court, or in other words that § 1692g(a)(3) has no written requirement to dispute a debt. None of the cases cited by the Jollys are from courts within the Seventh Circuit and thus are neither binding nor persuasive authority.[4] The Court agrees with the Third Circuit Court and the reasoning adopted in *Graziano* and finds that a requirement to dispute a debt in writing is not a violation of § 1692(a)(3).

---

4. The one case cited from the Seventh Circuit, *Whitten v. ARS National Services, Inc.,* 00 C 6080, 2002 WL 1050320 (N.D.Ill., May 23, 2002), concerns the "suitable dispute documentation." Although this case does involve § 1692g(a), it is of a nature beyond merely contesting a debt in a written form. Instead, *Whitten* involves submission of documentation to challenge the debt. Judge Lefkow held that the statement "suitable dispute documentation" creates confusion. The case at bar can be clearly distinguished from *Whitten.*

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion for summary judgement is denied.

IT IS SO ORDERED.